UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OTHELLO SANDIFER                                CIVIL ACTION

VERSUS                                          NO. 23-280

JOHN DOE, *et al.*                              SECTION M (4)

## ORDER & REASONS

Before the Court are a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and a motion for summary judgment filed by defendant U.S. Xpress, Inc. ("USX"), both arguing that plaintiff Othello Sandifer's case should be dismissed because he did not plead a vicarious liability (or any other) claim against USX.[1] Sandifer and intervenor Pilot Travel Centers, LLC ("Pilot") respond in opposition to both motions,[2] and USX replies in further support of its motions.[3]

Also before the Court is Sandifer's motion for leave to file an amended complaint that seeks to cure the pleading deficiency raised in USX's Rule 12(c) and summary judgment motions.[4] USX responds in opposition.[5]

Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting Sandifer's motion for leave to amend the complaint and denying USX's two motions as moot.

---

[1] R. Docs. 93; 96.
[2] R. Docs. 99; 100; 103; 108. Pilot, Sandifer's employer, intervened to recover reimbursement for the workers' compensation benefits it paid to Sandifer. R. Doc. 68. It adopted Sandifer's complaints against Walmart and USX. *Id.* at 2. Pilot's oppositions to the motions essentially adopt Sandifer's oppositions and, thus, will not be discussed separately. *See* R. Docs. 103; 108.
[3] R. Doc. 110; 111.
[4] R. Doc. 101.
[5] R. Doc. 118.

I.  **BACKGROUND**

This case concerns a personal injury. On December 18, 2021, Sandifer, who was working for Pilot as a truck driver, delivered fuel to the Walmart, Inc. ("Walmart") distribution center in Robert, Louisiana.[6] While Sandifer was outside of his truck but in the area designated for those persons doing fuel delivery, he was hit by an 18-wheeler tractor-trailer owned and operated by USX.[7] Sandifer filed this suit in state court against Walmart, USX, and the unknown driver, named as "John Doe," who was employed by USX,[8] alleging negligence claims and seeking recovery for personal injuries he sustained.[9] As to USX, Sandifer alleges that "Doe was operating an 18-wheeler tractor owned by [USX];" that "Doe failed to thoroughly inspect his surroundings and suddenly and abruptly struck Sandifer with the 18-wheeler tractor owned by [USX];" that USX "maintained a policy of insurance" that covered the accident; and that USX spoliated evidence.[10] Walmart, with USX's consent, removed the action to this Court, asserting diversity subject-matter jurisdiction.[11] Sandifer then amended his complaint to expound on his claims against Walmart, but left his claims against USX unchanged.[12]

II.  **PENDING MOTION**

USX moves for dismissal of Sandifer's claims against it through Rule 12(c) (judgment on the pleadings) and Rule 56 (summary judgment), arguing in both motions that Sandifer's

---

[6] R. Doc. 1-2 at 2.
[7] *Id.* at 3.
[8] After suit was filed, Sandifer discovered that the truck driver was Malcolm A. Malveo and attempted to file an amended complaint naming Malveo as a defendant. R. Doc. 24. However, upon Walmart's motion, Sandifer's first amended complaint was stricken because it was not filed timely. R. Doc. 56. Thus, Malveo is not a party to this suit.
[9] R. Doc. 1-2 at 1-6.
[10] *Id.* at 3, 5-6.
[11] R. Doc. 1.
[12] R. Doc. 59. Thereafter, this Court granted Walmart's motion for summary judgment, dismissing with prejudice Sandifer's claims against Walmart. R. Doc. 81.

allegations against it fail to state a claim for vicarious liability or anything else.[13] USX explains that Sandifer's allegations against it do not state claims for recovery because there is no cause of action for vehicle ownership without claims of negligent entrustment or vicarious liability; insurance coverage, by itself, does not give rise to a cause of action; and there is no cause of action for spoliation under Louisiana law.[14]

In opposition memoranda and in his motion for leave to amend the complaint, Sandifer argues that he sufficiently pleaded that Doe was acting in the course and scope of his employment with USX at the time of the accident and that USX has judicially admitted this fact.[15] To that end, Sandifer cites the affidavit of Geoffrey Beck, USX's senior counsel of risk management, that was filed on April 11, 2023, in connection with Walmart's opposition to Sandifer's motion for leave to amend the complaint, in which Beck attests that Doe "was in the course and scope of his employment with [USX]" at the time of the accident.[16] Sandifer also argues that USX has vigorously litigated the case to defend against a vicarious liability claim.[17]

USX opposes Sandifer's motion for leave to amend the complaint and replies in support of its Rule 12(c) and Rule 56 motions, arguing that Sandifer's complaint is insufficient to allege a vicarious liability claim.[18] USX also argues that Sandifer's motion for leave to amend is untimely under the scheduling order, which set March 8, 2024, as the deadline for amendments to pleadings.[19] USX contends that Sandifer has known for a long time (since at least April 11, 2023) that Doe was acting in the course and scope of his employment with USX at the time of the accident

---

[13] R. Docs. 93; 96.
[14] R. Docs. 93-2 at 8-12; 96-3 at 11-17. In its motion for summary judgment, USX also argues that the intervenor, Pilot, did not state a cause of action against USX because it adopted Sandifer's allegations and did not specifically allege that USX caused Sandifer's injuries. R. Doc. 93-6 at 18-19.
[15] R. Docs. 99; 100 at 6; 101.
[16] R. Docs. 99 at 2-3 (citing R. Doc. 22-3); 101-1 at 2 (citing R. Doc. 22-3).
[17] R. Docs. 99; 100 at 6; 101-1.
[18] R. Docs. 110 at 1-6; 111 at 5-7.
[19] R. Docs. 110 at 6-10; 111 at 7-9; 118 at 1-7, 11-13.

and should have amended his complaint in a timely manner.[20] USX claims that Sandifer offers no good reason for not amending the complaint timely, especially given that he has missed other deadlines in this case.[21] Further, USX argues that it would be prejudiced if Sandifer is allowed to amend his complaint to add a vicarious liability claim now because Doe, the alleged tortfeasor, will not be a party to the case as Sandifer missed the deadline to add Doe as a defendant.[22]

**III.    LAW & ANALYSIS**

The Court begins with Sandifer's motion for leave to amend the complaint because, if it is granted, USX's Rule 12(c) and Rule 56 motions will be rendered moot.

When a scheduling order has been set in a case, Rule 16(b)(4) of the Federal Rules of Civil Procedure states that the "schedule may be modified only for good cause and with the judge's consent." Here, the attempt to amend the complaint comes well past the amendment deadline established in the scheduling order. Therefore,

> [t]he court must consider four factors in determining whether there was good cause for the delay: (1) the explanation for the failure to timely move for leave to amend, (2) the importance of the amendment, (3) the potential prejudice the other party would suffer if the amendment was allowed, and (4) the availability of a continuance to cure that prejudice.

*Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 741 (5th Cir. 2019) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

With respect to the first factor, Sandifer explains that he did not seek leave to amend earlier because he did not think it was necessary to amend the complaint as USX has defended against a vicarious liability claim and admitted through Beck's affidavit that Doe was acting in the course and scope of his employment with USX at the time of the accident.[23] Sandifer seeks only to add

---

[20] *Id.*
[21] R. Doc. 118 at 13-19.
[22] R. Docs. 110 at 9; 118 at 19-21.
[23] R. Doc. 101-1.

an allegation conforming the pleadings to the parties' understanding of the case.[24]  This justification is sufficient to satisfy the first factor.  After all, Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires."  "In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (collecting cases).  Although Sandifer could have amended his complaint earlier, his failure to do so was not in bad faith or for a dilatory motive.  He simply did not think it was necessary because USX admitted that Doe was in the course and scope of his employment at the time of the accident and litigated the case in that manner.  Thus, the Court finds that the first factor is satisfied.  *See Greinstein v. Granite Servs. Int'l, Inc.*, 2020 WL 13801692, at *1-2 (N.D. Tex. Mar. 3, 2020) (granting plaintiff leave to amend the complaint to conform the pleadings to the parties' understanding of the case where there was no bad faith, dilatory motive, or undue prejudice to opposing party).  Secondly, the amendment is important because the vicarious lability claim against USX is the only live claim in this suit, and disallowing the amendment would leave Sandifer without recourse against an alleged tortfeasor.  Further, as regards the third factor, the Court finds that USX would not be prejudiced by the amendment because it has litigated this case to defend against the vicarious liability claim.  Finally, a continuance is unnecessary because the amendment does not change the parties' understanding of the case or how it was litigated and does not raise any issue that has not already been explored through discovery.

---

[24] *Id.* at 5; R. Doc. 99 at 8 ("[A]ll parties have understood and litigated this as a vicarious liability case from the outset.").  Beck's affidavit bears out this understanding.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Sandifer's motion for leave to file an amended complaint (R. Doc. 101) is GRANTED.

IT IS FURTHER ORDERED that USX's Rule 12(c) motion for judgment on the pleadings (R. Doc. 93) and its motion for summary judgment (R. Doc. 96) are DENIED as moot.

New Orleans, Louisiana, this 5th day of March, 2025.

                                              BARRY W. ASHE
                                              UNITED STATES DISTRICT JUDGE